# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 2:12-mj-00069
 )
Apple iPhone bearing telephone number 304-710-9040, )
currently located at 113 Virginia Street, East, )
Charleston WV )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Apple iPhone bearing telephone number 304-710-9040, currently located at 113 Virginia Street, East, Charleston WV

located in the     Southern     District of     West Virginia    , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment A (incorporated by reference)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2261 | Interstate domestic violence |
| 18 USC 2262 | Interstate violation of protection order |
| 18 USC 922(g) | Possession of a firearm by a prohibited person |

FILED
JUL 17 2012
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

The application is based on these facts:

See Attached Affidavit (incorporated by reference)

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

JOSEPH I. CICARELLI, SPECIAL AGENT
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 3, 2012

*Judge's signature*

City and state: Charleston WV

Mary E. Stanley, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

All information on Apple iPhone bearing telephone number 304-710-9040, currently located at 113 Virginia Street, East, Charleston West Virginia, detailing text messages sent to Dawn Nance as well as location information for the telephone, for the period November 29, 2011 through December 7, 2011.

# **AFFIDAVIT**

1. I, Joseph I. Ciccarelli, having been duly sworn, do depose and say that I am a Special Agent of the Federal Bureau of Investigation and have been so employed for the past 28 years. Since approximately April 2012, I have been investigating an incident of interstate domestic violence which occurred at or near Huntington, Cabell County, within the Southern District of West Virginia in December 2011.

2. The information contained in this affidavit was gained by me through interviews and review of records, documents, and audio recordings. This affidavit is provided for the limited purpose of establishing probable cause for the issuance of a search warrant and does not purport to be all the information known to me concerning this investigation.

3. On November 29, 2011, Dawn E. Nance sought a Domestic Violence Petition (DVP) against her husband, Kenneth R. Nance. An emergency petition was granted in Kanawha County Magistrate Court. Among other provisions, the protective order directed that Nance surrender all firearms owned or possessed by him and refrain from contacting, telephoning, communicating with, harassing, or verbally abusing Dawn E. Nance. The order was subsequently served on Nance by Cabell County Sheriff's deputies. At that time, Nance was removed from the marital home at 5871 Davis Creek Road in an unincorporated area near Huntington, West Virginia. In addition, deputies removed from his possession all firearms, which were turned over to Nance's cousin, Ronald Carter.

4. On December 7, 2011, a hearing was held before the Honorable Patricia Keller in Cabell County Family Court. Both Dawn Nance and Kenneth Nance were present. Your affiant has reviewed an audio and video recording of that proceeding at which Judge Keller issued a protective order, ordering that the respondent (Kenneth R. Nance) be restrained from committing

further acts of abuse or threats of abuse; that Kenneth R. Nance refrain from contacting, telephoning, communicating with, harassing, or verbally abusing the petitioner (Dawn Nance); and that Kenneth R. Nance be prohibited from possessing firearms or ammunition while the protective order was in effect. The protective order was issued at 8:55 a.m. on December 7, 2011, to be in effect for 180 days.

5. Your affiant interviewed Dawn Nance, who advised that before she had even left the courthouse, Kenneth R. Nance was sending text messages to her telephone from his Apple iPhone bearing telephone number 304-710-9040, such communication clearly being in violation of the protective order.

6. Dawn Nance advised that subsequent to that time, at approximately 12:30 p.m. on the same date, December 7, 2011, she observed her husband approach their residence at 5871 Davis Creek Road in Huntington, West Virginia. Nance and her sister, Kelly Bell, fearing for their safety, hid in the residence. Kenneth R. Nance forced entry into the residence, and when the pair heard him climb the stairs to the second floor, they fled into the yard while remaining on the telephone with the 911 center. Kenneth R. Nance then exited his house and engaged in a verbal confrontation with Dawn Nance. After a period of time, Kenneth Nance drew a pistol from his coat pocket and placed it to his head, at which point Dawn Nance turned to avert her eyes from what she believed would be Kenneth R. Nance's suicide. Dawn Nance heard a gunshot and turned to see her husband lying face down on the ground. Both Nance and Bell believed Kenneth R. Nance had killed himself.

7. Your affiant also interviewed Cabell County Sheriff's Deputy Ron Miller who was the first officer on the scene. Deputy Miller advised that upon arriving, he observed Kenneth R. Nance laying face-down with a small-caliber semi-automatic pistol in his hand. Based on

information Deputy Miller had been provided while en route to the scene, he believed Nance had shot himself; however, upon further investigation, he determined that Nance was unharmed. Among other items of evidence recovered at that time, Deputy Miller seized a Raven .25-caliber semi-automatic pistol and the aforementioned Apple iPhone bearing telephone number 304-710-9040. At that time, Kenneth Nance was charged with a variety of violations of State law in connection with domestic violence and brandishing a weapon. The iPhone is presently in my possession in my office at 113 Virginia Street, East, Charleston, West Virginia.

8. I requested a trace of the Raven .25-caliber semi-automatic pistol from the Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives's National Tracing Center, and learned that the firearm in question was traced to a Federal Firearms Licensee in Jackson, Ohio.

9. Your affiant also spoke with Laura Lake, Assistant Prosecuting Attorney, Cabell County, West Virginia. Lake advised that prior to a preliminary hearing in Cabell County Magistrate Court for Kenneth Nance, she had a conversation with Nance's attorney. Lake advised the attorney that his client had lied to Judge Keller during the aforementioned hearing when he advised her that he had no firearms in his possession. The attorney responded that Nance was being truthful inasmuch as he had traveled from the court hearing in Cabell County, West Virginia, to the State of Ohio to obtain the firearm from a friend prior to the above-described incident.

10. Your affiant is aware that text messages and location information can be obtained from an Apple iPhone and other similar devices by forensic examination.

11. Based on the foregoing, your affiant has probable cause to believe and does believe that the Apple iPhone bearing telephone number 304-710-9040, which was taken from the person of Kenneth Nance incident to his lawful arrest by Deputy Miller, contains information detailing

text messages sent to Dawn Nance as well as location information for the telephone and thereby Kenneth Nance in the time period from the issuance of the domestic violence petition through the shooting incident described above, namely, for the period of November 29, 2011 through December 7, 2011. A forensic search of the iPhone in question would provide evidence of violations of Title 18, United States Code, Sections 2261 (interstate domestic violence), 2262 (interstate violation of a protective order), and Section 922(g)(possession of a firearm by a prohibited person).

    12. Therefore, your affiant prays that a warrant be issued for the search of the Apple iPhone described herein.

    13. Further, your affiant saith naught.

*[signature: Joseph I. Ciccarelli]*
JOSEPH I. CICCARELLI
Special Agent
Federal Bureau of Investigation
Charleston, West Virginia

Subscribed and sworn to before me this 3rd day of July, 2012.

*[signature: Mary E. Stanley]*
MARY E. STANLEY
United States Magistrate Judge

4